UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC DANG HOANG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | No. 2:23-cv-00539-DAD-JDP<br><br>ORDER GRANTING JOINT STIPULATION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(Doc. No. 7) |

This matter is before the court on the parties' joint stipulation requesting that this case be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California for the convenience of the parties and witnesses and in the interests of justice. (Doc. No. 7.)

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To prevail on a motion to transfer venue, the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3)

1

1    that the transfer will serve the convenience of the parties and witnesses and will promote the
2    interests of justice." *Tung Tai Grp. v. Fla. Transformer, Inc.*, No. 5:11-cv-02389-EJD, 2011 WL
3    3471400, at *1–2 (N.D. Cal. Aug. 8, 2011) (citing *Goodyear Tire & Rubber Co. v. McDonnell*
4    *Douglas Corp.,* 820 F. Supp. 503, 506 (C.D. Cal. 1992)).  Even where the parties have stipulated
5    to a transfer, courts must consider these elements and evaluate whether the transfer is appropriate.
6    *Tung Tai Grp.*, 2011 WL 3471400, at *2; *Smith v. CoreLogic Background Data, LLC*, No. 2:18-
7    cv-01895-KJM-AC, 2018 WL 4352956, at *1 (E.D. Cal. Sept. 12, 2018) (granting the parties'
8    stipulated request to transfer action to a different venue after considering the requisite elements
9    and determining that the transfer was appropriate).  As to the third element, courts consider
10   various factors, including but not limited to, the plaintiff's choice of forum, the parties' contacts
11   with the forum, contacts resulting in plaintiff's cause of action in the chosen forum, different
12   costs of litigation between the two forums, ease of access to evidence, and feasibility of
13   consolidating other claims.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.
14   2000).
15          Here, the parties jointly request that this action be transferred from the Eastern District of
16   California (where venue is proper) to the Central District of California (a district in which this
17   action might have been brought) because the transfer is in the interest of justice and for the
18   convenience of the parties and the witnesses.  (Doc. No. 7 at 1–2.)  This action involves plaintiff's
19   petition to amend his court-ordered certificate of naturalization to allegedly correct his listed date
20   of birth.  (*Id.*)  Plaintiff had received that court-ordered certification of naturalization from the
21   Central District of California on or around June 22, 1990.  (*Id.* at 1.)  Because the Central District
22   of California issued the certificate at issue prior to the enactment of the Immigration Act of 1990,
23   the Central District of California may exercise jurisdiction to modify it.  (*Id.*) (citing *Lai Dinh v.*
24   *U.S. Citizenship and Immigr. Servs.*, No. 2:19-cv-01455-TLN-JDP, 2021 WL 516803 (E.D. Cal.
25   Feb. 11, 2021) (petition to modify a court-ordered certificate of naturalization is "properly"
26   before the court that "originally issued Petitioner's naturalization certificate")).  In addition,
27   defendant U.S. Citizenship and Immigration Services ("USCIS") anticipates that the USCIS Los
28   /////

2

1  Angeles Field Office will be responsible for reviewing plaintiff's request on behalf of the
2  government. (Doc. No. 7 at 2.)
3     Having considered each of the requisite elements, and the parties' stipulation, the court
4  determines that transfer of this action to the Central District of California is appropriate.
5  Accordingly, the court will grant the parties' joint request to transfer this action to the United
6  States District Court for the Central District of California.
7     For the reasons explained above:
8     1.   The parties' joint request to transfer this action (Doc. No. 7) is granted;
9     2.   The court hereby transfers this action to the United States District Court for the
10         Central District of California;
11    3.   In light of this order, the initial scheduling conference current set for August 8,
12         2023 before District Judge Dale A. Drozd is hereby vacated;
13    4.   The court further orders the Clerk of the Court for the Eastern District of
14         California in Sacramento, to forward all filings in this action to the United States
15         District Court for the Central District of California; and
16    5.   The Clerk of the Court for the Eastern District of California shall close this case
17         upon completion of the transfer.
18    IT IS SO ORDERED.
19  Dated:  **April 24, 2023**                    _Dale A. Drozd_
20                                          UNITED STATES DISTRICT JUDGE